IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 case |
| | ) | Number 03-20394 |
| DEBI F. FRY, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| COLONY BANK WORTH | ) | Adversary Proceeding |
| and | ) | Number 06-02037 |
| R. MICHAEL SOUTHER, | ) | |
| | ) | |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 150 BEACHVIEW HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

By motion, 150 Beachview Holdings, LLC, ("Defendant")
seeks to dismiss this adversary proceeding, pursuant to
F.R.B.P. 7012 (b)(1) and F.R.C.P. 12(b)(1), asserting that
this Court lacks subject matter jurisdiction because the
asset in question is not property of the bankruptcy estate.
Defendant also avers, pursuant to F.R.B.P. 7012 (b)(6) and
F.R.C.P. 12(b)(6), that Colony Bank Worth ("Colony") and R.

Michael Souther, the Chapter 7 Trustee ("Trustee"), (collectively "Plaintiffs") fail to state a claim for which relief can be granted because the assignment from the Debtor to Plaintiffs is a reaffirmation of a debt that does not comply with 11 U.S.C. § 524(c).[1]   Plaintiffs maintain that

---

[1]   11 U.S.C. § 524 (c) provides:

> An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if –
> (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
> (2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
> (3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that
> (A) such agreement represents a fully informed and voluntary agreement by the debtor;
> (B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and
> (C) the attorney fully advised the debtor of the legal effect and consequences of –
> (i) an agreement of the kind specified in this subsection; and
> (ii) any default under such an agreement;
> (4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
> (5) the provisions of subsection (d) of this section have been complied with; and
> (6)(A) in a case concerning an individual who was not represented by an attorney during the

because the Debtor's assignment of a chose in action is property of the estate, pursuant to 11 U.S.C. § 541, the bankruptcy court does have jurisdiction. Additionally, Plaintiffs assert that the court has "related to" jurisdiction over the matter because the outcome of the action for wrongful foreclosure may conceivably have a favorable impact on the bankruptcy estate.

Because the validly assigned chose in action is property of the estate pursuant to 11 U.S.C. § 541(a)(7); because the assignment is not a reaffirmation of a debt; and because the Complaint, when construed most favorably to the pleader, does state a claim for which Plaintiffs may be entitled to relief under O.C.G.A. § 23-2-114,[2] Defendant's Motion to Dismiss is **DENIED.**

---

course of negotiating an agreement under this subsection, the court approves such agreement as –
(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and
(ii) in the best interest of the debtor.
(B) subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

[2]   O.C.G.A. § 23-2-114 in part provides:

Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised. In the absence of stipulations to the contrary in the instrument, the time, place, and manner of sale shall be that pointed out for public sales.

## Findings of Fact

On August 25, 2006, Plaintiffs filed this adversary proceeding in the Chapter 7 case of Debi Fry ("Debtor"), asserting a Complaint for Wrongful Foreclosure and Complaint for Equitable Subordination Pursuant to 11 U.S.C. § 510 ("Complaint").[3]  The Complaint alleges that Debtor assigned to the Trustee all her rights to bring a cause of action against the Defendant for improperly exercising the power of sale clause in the deed for the premises known as 150 Beachview Drive, Jekyll Island, Georgia ("Leasehold").

The Trustee avers that had Defendant properly conducted the foreclosure sale, the Bankruptcy Estate would have received proceeds in the amount of $157,741.32 which would have been available for distribution among the unsecured creditors.  Colony asserts that on the day of foreclosure, it held a junior security interest in the Leasehold, second only

---

[3]  11 U.S.C. § 510 (c) provides:

> Notwithstanding subsections (a) and (b) of this section, after notice and hearing, the court may –
> (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
> (2) order that any lien securing such a subordinated claim be transferred to the estate.

to Defendant's claim of $3,146,453.45, and that because of Defendant's actions in conducting the foreclosure sale, Colony has been damaged in the amount of $595,805.23. The Plaintiffs allege that the claims asserted by the Trustee are core proceedings under 28 U.S.C. § 157 (b)(1), (b)(2)(A), and (b)(2)(O). Additionally, the Complaint alleges that the claims asserted by Colony are not core proceedings, but are related to the bankruptcy pursuant to 28 U.S.C. § 157(c).

Debtor filed her Voluntary Petition pursuant to Chapter 7 of the United States Bankruptcy Code on March 18, 2003. Debtor was one of several individuals that held an interest in the Leasehold ("Leaseholders"). On September 22, 1998, the Debtor and the Leaseholders executed a variable rate promissory note with SunTrust Bank, South Georgia, N.A. ("SunTrust") in the principal amount of $2,500,000.00 secured by the Leasehold. Plaintiffs allege that paragraph 19 of the security deed imposed a duty upon SunTrust and its assigns to sell the Leasehold to the "highest bidder" if it exercises its power of sale clause.

On September 9, 2002, the Leaseholders and the Debtor, entered into a promissory note with Colony for the principal amount of $500,100, secured by several different assignments including a junior interest in the Leasehold. SunTrust, the

senior creditor, filed a motion seeking relief from the automatic stay in Debtor's Chapter 7 case, arguing that the Leasehold had been rejected by operation of law due to the Trustee's failure to assume the lease within the time period provided by 11 U.S.C. § 365(d)(4).[4]   The Bankruptcy Court issued an Order granting SunTrust relief from the automatic stay on November 6, 2003.[5]   Debtor received a discharge from bankruptcy on August 4, 2005.

Defendant purchased the note and security deed from SunTrust Bank on February 27, 2006.   Some time after Defendant's purchase, the Leaseholders defaulted and Defendant exercised its right to sell the property under the power of sale clause in the security deed.   The foreclosure sale was held on August 1, 2006.   On August 25, 2006, Debtor assigned to the Trustee all her interest in all claims and

---

[4]   11 U.S.C. § 365(d)(4)(2003)(amended 2005) states in pertinent part:

> Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

[5]   The Order granting SunTrust relief from the automatic stay was signed by the Honorable Lamar W. Davis.   Pursuant to 11 U.S.C. § 152, this case was reassigned to me on March 24, 2006.

causes of actions arising from Defendant's foreclosure of the Leasehold.

In their Complaint, Plaintiffs allege the following facts in connection with the foreclosure sale conducted by Defendant. Upon default on the SunTrust note, Defendant published notice of a foreclosure sale, to be held at the Glynn County Courthouse during the legal hours of sale, beginning at 10:00 a.m. on August 1, 2006. Southeast Landco, LLC, ("Southeast Landco") sent Keith Sebade ("Sebade") and attorneys Charles Byrd ("Byrd"), M.F. Martin, III ("Martin") and J.T. Johnson ("Johnson") to the courthouse before 10:00 a.m. on the appointed day to bid at the auction.

Michael Shaw ("Shaw") and Mike Patton ("Patton") representing the Defendant's interest at the foreclosure sale, did not announce the "ground rules," or the terms of payment, before beginning the auction. Instead, Shaw began the auction at 10:39 a.m. by reading the legal advertisement of the Notice of Foreclosure. During the auction, Southeast Landco and Defendant placed alternating bids. Southeast Landco was the final bidder at a price of 3.9 million dollars.

At the conclusion of the auction, Shaw filled out a form listing the details of the sale, including Southeast Landco's

name, the amount of the final bid, and the number of people present. Shaw told Southeast Landco that Defendant wanted payment by bank-certified check and that he would pick the check up from Martin's office, three blocks away from the courthouse, before leaving Brunswick. One of the tenants gave Sebade the keys to the property at this time. Martin and Johnson left the courthouse to get the cashier's check for 3.9 million dollars to tender to Shaw in accordance with the terms of the agreement. Byrd presented Shaw with a wire transfer confirmation indicating more than enough funds in Martin's trust account to pay the price of the sale.

After Martin and Johnson left the courthouse, Shaw informed Byrd that because Southeast Landco did not have cash to tender at the time, he had been instructed to re-auction the Leasehold. Byrd responded that Shaw could not re-auction the Leasehold because there was an agreement between Southeast Landco and Defendant. Shaw told Byrd that if the funds were not at the courthouse within five minutes, he would re-auction the Leasehold. Shortly thereafter, Shaw told Sebade that he would begin the re-auction in ten minutes. Byrd called Martin to inform him of Defendant's decision and asked Martin and Johnson to come to the courthouse as soon as possible.

AO 72A
(Rev. 8/82)

Thereafter, Shaw began the auction again, and Defendant made the only bid at 3 million dollars. Byrd refused to participate because he contended that the re-auctioning of the property was a breach of the parties' contract. Exactly fifteen minutes after the first auction ended and as the second auction was ending, Martin and Johnson drove up to the courthouse with the certified check. Byrd told Shaw that the funds were on the premises. Sebade ran after Shaw and Patton with the certified check, but Shaw and Patton got into their car and fled the premises.

On September 21, 2006, Southeast Landco filed suit against the Defendant in the United States District Court for the Southern District of Georgia, alleging breach of a real estate contract. Southeast Landco alleged federal question jurisdiction pursuant to 28 U.S.C. § 1334; and argued that its case was related to the Debtor's bankruptcy because, should it prevail, Debtor's bankruptcy estate would receive the $900,000.00 surplus proceeds from the first auction. The District Court dismissed Southeast Landco's case for lack of subject matter jurisdiction, finding that because the Trustee had rejected the lease pursuant to 11 U.S.C. § 365(d)(4), any recovery from the wrongful foreclosure would vest in the

Debtor and not her creditors. Thus, the district court action was not related to the Debtor's bankruptcy case.

### Conclusions of Law

First, Defendant asserts that the bankruptcy court lacks subject matter jurisdiction to hear this adversary proceeding arguing that the Leasehold is no longer property of the estate and was removed from bankruptcy administration when it was rejected by operation of law pursuant to 11 U.S.C. § 365 (d)(4).[6]   Second, Defendant contends that Plaintiffs' Complaint must be dismissed in its entirety because the Debtor's assignment is an attempted reaffirmation of Colony's discharged debt and is unenforceable because it does not comply with the requirements of 11 U.S.C. § 524(c).

---

[6] Defendant cites to Judge Alaimo's order dismissing Southeast Landco's complaint against Defendant for lack of subject matter jurisdiction because the Debtor's cause of action was not related to a pending bankruptcy matter, in Southeast Landco, LLC v. 150 Beachview Holdings, 2006 WL 2724905 (S.D. Ga. Sept. 20, 2006), and suggests that it is binding authority.  The issue decided in Southeast Landco was whether the Debtor's interest in the rejected lease conferred federal question jurisdiction to a third party in order to bring suit against Defendant for breach of a real estate contract.  Because Southeast Landco is distinguishable from the present case, Judge Alaimo's decision is not binding authority over the present matter.  At the time Judge Alaimo issued his order in Southeast Landco, the Debtor had not assigned her interest in a cause of action for wrongful foreclosure to the Trustee and the chose in action had not yet become property of the estate.  After the Debtor assigned her interests to the Trustee, any proceeds recovered would benefit the creditors in her bankruptcy case.  Additionally, Southeast Landco relied upon the Leasehold to establish related to jurisdiction; here, Plaintiffs assert that the validly assigned chose in action creates the nexus for subject matter jurisdiction.

Therefore, Plaintiffs have no interest in the asset and fail to state a claim upon which relief can be granted.

In its Supplemental Brief in Support of Defendant's Motion to Dismiss Pursuant to F.R.B.P. 7012(b)(1) and (6) and F.R.C.P. 12(b)(1) and (6) ("Supplemental Brief") Defendant argues:

> (1) the Trustee does not have the authority to acquire new property and incorporate it into the bankruptcy estate two years after the discharge of a debtor, because the Bankruptcy Code does not authorize a trustee to purchase additional assets for the bankruptcy estate; and furthermore, the definition of "property of the estate" does not incorporate the Debtor's chose in action;

> (2) the Trustee lacks standing to bring the wrongful foreclosure claim, because he rejected the Leasehold interest and therefore has no interest in the underlying property;

> (3) the Debtor cannot assign her right to seek punitive damages to the Trustee under O.C.G.A. § 44-12-24;

(4) Defendant has standing to bring its Motion to Dismiss and to challenge the validity of the assignment of a chose in action;

(5) Plaintiffs' claims regarding the prospective use of the sale proceeds are speculative and should not be a factor in the Court's determination, because the speculative effect a lawsuit may have on a bankruptcy estate is insufficient to confer "related to" jurisdiction to the Bankruptcy Court;

(6) Debtor's purported intent to repay discharged debts constitutes an improper reaffirmation of debts, and any effort to use Debtor's personal assets to do so after discharge must be undertaken only in accord with the requirements of 11 U.S.C. § 524 (c);

(7) all claims asserted by Colony are unrelated to the bankruptcy, and Colony does not purport to be an assignee of any chose in action from the Debtor; thus the Court should dismiss the claims brought by Colony for lack of subject matter jurisdiction.

Plaintiffs maintain that the asset of the bankruptcy estate that confers subject matter jurisdiction to this Court is the assigned chose in action to recover damages for

✎AO 72A
(Rev. 8/82)

wrongful foreclosure and not the Leasehold interest that was abandoned by the Trustee. Plaintiffs argue that this Court does have subject matter jurisdiction over the matter, because if Plaintiffs are successful in asserting the claims arising from this adversary proceeding, the estate will have an estimated additional $157,741.32 to disburse to the remaining unsecured creditors. Plaintiffs also argue that Debtor's right to recover for wrongful foreclosure is an assignable interest that does not constitute a reaffirmation agreement, because the assignment is to the Trustee, not a creditor, and does not create personal liability for the Debtor on any debt previously discharged. Therefore, the assignment is not subject to the requirements imposed by 11 U.S.C. § 524.

## I. Jurisdiction of the Bankruptcy Court

28 U.S.C. § 1334(e)[7] vests exclusive jurisdiction over the property of a bankruptcy estate in the district court in which a case under title 11 is commenced or is pending. See

---

[7] 28 U.S.C. § 1334(e) provides in part:

> [t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

<u>Williams v. Sears, Roebuck and Co.</u> (<u>In re Williams</u>), 244 B.R. 858 (S.D. Ga. 2000). Pursuant to 11 U.S.C. § 541 (a)(7), the bankruptcy "estate also includes interests in property acquired by the estate after the commencement of the case." <u>Id.</u> at 865 (internal citations and punctuation omitted). "Causes of action qualify as property of the estate under § 541." <u>Id.</u> (citing <u>United States v. Whiting Pools</u>, 462 U.S. 198, 208 & n.9 (1983)).

A district court has original but not exclusive jurisdiction to hear all civil proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[8] "For subject matter jurisdiction to exist there must be some nexus between the related civil proceeding and the title 11 case." <u>Matter of Lemco Gypsum, Inc.</u>, 910 F.2d 784, 787 (11th Cir. 1990)(adopting the test articulated in <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984 (3[d] Cir.

---

[8]   28 U.S.C. §1334 in pertinent part provides:

>    (a) Except as provided in subsection (b) of this section, the district courts shall have original jurisdiction of all cases under title 11.
>    (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original jurisdiction but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

AO 72A
(Rev. 8/82)

1984)).   "The bankruptcy estate is the controlling element in the determination of related to jurisdiction."   In re Johnson, 2004 WL 180036, at *2 (Bankr. S.D. Ga. 2004).   A cause of action is "related to" the bankruptcy case under § 1334(b)(2) if "the outcome of the proceeding could conceivably have an affect on the estate being administered in bankruptcy."   In re Rhodes, 1991 WL 11003463, at *2 (Bankr. S.D. Ga. 1991)(quoting Pacor, 743 F.2d at 994)). The possible impact on the administration of the bankruptcy estate should be determined at the time the action is brought.   See Lemco, 910 F.2d at 788.

> It seems clear that cases encompassed by § 1334(b) "related proceedings" are those which (1) involved *causes of action owned by the debtor that became property of the estate under section 541,* and (2) concern suits between third parties which in one way or another affect the administration of the title 11 case.

Austin v. Tatum (In re Austin), Ch. 11 Case No. 85-40639 Adv. 89-4020, at 5 (Bankr. S.D. Ga. Dec. 31, 1989)(Dalis, J.)(quoting 1 Collier on Bankruptcy ¶ 3.01 (c)(iv) (L. Kin 15th Ed. 1989))(emphasis added).

In the case presently before me, the district court has exclusive jurisdiction over the Trustee's claim because the

assignment of the Debtor's chose in action is property of the estate.    The district court has original, but not exclusive, jurisdiction over Colony's claim because the outcome of the suit between these third parties could conceivably affect the administration of the Debtor's bankruptcy case currently being administered.

The Trustee's claim is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).  Further, this Court has jurisdiction to hear Colony's non-core claim related to the bankruptcy, but may not enter final judgment.[9]  See In re Rhodes, 1991 WL 11002463 (S.D. Ga. 1991)(citing American Energy, Inc., 50 B.R. 175 (Bankr. D.N.D. 1985)).

**a. Wrongful Foreclosure Action**

The cause of action for wrongful foreclosure alleged by Plaintiffs is based on state law.  Under Georgia law, when a security deed lender forecloses under power of sale, there is a duty imposed by statute to exercise that power fairly and in good faith.  See O.C.G.A. § 23-2-114; see also Aikens v. Wagner, 498 S.E.2d 766, 768 (Ga. Ct. App. 1998).  "Although arising from a contractual right, breach of this

---

[9] The bankruptcy judge's authority over non-core proceedings which are related to a cause under Title 11 is restricted to hearing the case and submitted proposed findings of fact and conclusions of law to the district court who in turn enters final judgment.  See 28 U.S.C. § 157(c)(1).

duty is a tort compensable at law." <u>Tower Fin. Serv., Inc.</u> <u>v. Smith</u>, 423 S.E.2d 257, 262 - 63 (Ga. Ct. App. 1992)(internal citations omitted). A breach of this duty "gives rise to a claim for damages to the injured holder of the equity of redemption." <u>Brown v. Freedman</u>, 474 S.E.2d 73, 76 (Ga. Ct. App. 1996)(quoting <u>Kennedy v. Gwinett Comm.</u> <u>Bank</u>, 270 S.E.2d 867 (Ga. Ct. App. 1980)).

> [A] claim for damages for breach of the duty to conduct power of sale fairly may lie only when the price realized is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise, or *other circumstances which might authorize finding that such circumstances contributed to bring about the inadequacy of the price* that the foreclosing party has breached his or her duty under the power of sale.

<u>Brown v. Freedman</u>, 474 S.E.2d 73 (Ga. Ct. App. 1996)(emphasis added).

Plaintiffs' Complaint alleges facts that, if true, support a cause of action by the Debtor for wrongful foreclosure. Plaintiffs allege that Defendant did not sell the Leasehold to the "highest bidder" and violated the contractual duty imposed by paragraph 19 of the SunTrust security deed by re-auctioning the property and selling the Leasehold for a price that was $900,000 less than the sale

AO 72A
(Rev. 8/82)

price of the first auction. Additionally, Plaintiffs allege that the circumstances of the auction contributed to the resulting lower price that was accepted by Defendant. Specifically, Plaintiffs point to Shaw's conduct in not reciting the terms and conditions of the sale prior to the auction; Shaw's verbal representations after the sale to Southeast Landco's representatives that a bank certified check would be acceptable payment; Shaw changing the terms of the sale after accepting Southeast Landco's bid of 3.9 million dollars; and Shaw re-auctioning the Leasehold 10 minutes after accepting Southeast Landco's bid.

**b. Assignment of a Chose in Action**

Defendant is correct in asserting that the rejection of the Leasehold by operation of law did remove the Leasehold from bankruptcy administration. However, the rejection of the Leasehold pursuant to §547(d)(4) did not terminate the Debtor's interest in the lease; it did have the effect of abandoning to the Debtor whatever interest the bankruptcy estate had in the Leasehold. See In re Austin, 102 B.R. 897, 901 (Bankr. S.D. Ga. 1989). At the time of the foreclosure sale, the Leasehold interest had vested in the Debtor, and the right to bring a cause of action for wrongful foreclosure belonged to the Debtor.

However, Defendant is incorrect in arguing that the Trustee bases jurisdiction on the Debtor's interest in the rejected Leasehold.  The Trustee contends that jurisdiction is proper because the Debtor's rights arising from Defendant's foreclosure of the Leasehold have been validly assigned and are property of the estate.  Whether the assignment is property of the estate depends on whether under Georgia law, the Debtor's wrongful foreclosure action is assignable.

Pursuant to Georgia law the Debtor's cause of action for wrongful foreclosure is an injury to property, which makes it an assignable chose in action.  <u>See</u> O.C.G.A. § 44-1-1; <u>see also</u> <u>Paces P'ship v. Grant</u>, 442 S.E.2d 826 (Ga. Ct. App. 1994)(stating that "a lease of lands for five years or more creates an estate for years and passes as realty in this State").  As the Eleventh Circuit noted, Georgia courts have held that

> [c]hoses in action include all rights
> of action sounding in contract or tort.
> See O.C.G.A. § 44-12-21.  Thus, a chose
> in action is any personal right that
> has not yet been reduced to possession
> but is recoverable by a suit at law.

<u>Prodigy Ctr./ Atlanta No. 1 L.P. v. T-C Associates., Ltd</u>, 127 F.3d 1020 (11th Cir. 1997)(citing <u>Sterling v. Sims</u>, 72 Ga. 51,

AO 72A
(Rev. 8/82)

53-54 (1883) and Black's Law Dictionary 241 (6th ed. 1990)).
"O.C.G.A. § 44-12-20 and 44-12-22 made choses in action
assignable where an interest in property is involved."
Paulsen Street Investors v. EBCO Gen. Agencies CNL/Ins. Am.,
Inc., 481 S.E.2d 246, 249 (Ga. Ct. App. 1997); see also
Maryland Cas. Co. v. Brown, 321 F.Supp. 309, 311 (N.D. Ga.
1971)(holding that the right to bring an action is property);
Sterling v. Sims, 72 Ga. 51 (1883)(stating that "a chose in
action includes all rights to personal property not in
possession, which may be enforced by action; demands arising
out of torts as well as contracts; it is sometimes used as
the right of bringing an action").

Trustee has submitted the Assignment of Chose in Action
executed by the Debtor and an affidavit from Debtor in which
she states that she did hold an interest in the Leasehold at
the time of her bankruptcy filing; she was never served with
a notice of termination of the lease from the lessor, Jekyll
Island Authority; and that she assigns all of her interest
in any and all claims and causes of action arising from the
foreclosure sale of the Leasehold to the Trustee.  I find
that the Debtor's chose in action is an assignable interest,
which the Debtor has validly assigned to the Trustee.

Georgia law prohibits the assignment of a right to punitive damages. See Canal Indem. Co. v. Greene, 593 S.E.2d 41 (Ga. Ct. App. 2003)(citing S. R.R. Co. v. Malone Freight Lines, 330 S.E.2d 371 (Ga. Ct. App. 1985)). Defendant's argument that punitive damages cannot be assigned is correct. However, because the Debtor assigned all her rights, not just her right to punitive damages, and for the reasons previously stated, the bankruptcy court has jurisdiction over the wrongful foreclosure matter.

**c. Property of the Estate**

11 U.S.C. § 541 defines property of the estate.[10] Under § 541(a)(7), it is not necessary that the debtor have an interest in the property at the commencement of the case. See In re Wilson, 694 F.2d 236, 238 (11th Cir. 1982)(holding that the general timing restriction "as of the commencement

---

[10]   11 U.S.C. § 541 provides in part:

> (a) The commencement of a case under section 301, 302, 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> ...
> (3) Any interest in property that the trustee recovers under section 329 (h), 363(n), 543, 550, 553, or 723 of this title.
>
> ...
> (7) Any interest in property that the estate acquires after the commencement of the case.

AO 72A
(Rev. 8/82)

of the case" applies only to subsections 541(a)(1) and (a)(2) but not to 541(a)(7)). Moreover, "§ 541 (a)(7) does bring into the estate every such interest not covered by a specific statutory provision mandating some other treatment." Id. at 238.

The Eleventh Circuit Court of Appeals, in Gallucci v. Grant (In re Gallucci), 931 F.2d 738, 743 (11th Cir. 1991), found that the legislative history of § 541 (a)(7)

> clarifies that any interest in property that the estate acquires *after the commencement of the case* is property of the estate; for example, if the estate enters into a contract, after the commencement of the case, such a contract would be property of the estate.

Gallucci, 931 F.2d at 738 (emphasis added).

Gallucci involved a turnover proceeding brought by the Trustee to recover property that never belonged to the debtor, but was later gifted to the bankruptcy estate by a third party. The court held that the property was unrelated to the bankruptcy estate, and therefore the turnover action was a non-core, unrelated matter that must be dismissed for lack of jurisdiction.

The facts of the present case are distinguishable from Gallucci. The Leasehold did belong to the Debtor when the

✎AO 72A
(Rev. 8/82)

case commenced; the assignment to the Trustee was from the Debtor, not from a third party; and the assigned interest could have a significant effect on the estate presently being administered if the Trustee prevails.

The Bankruptcy Code does not specifically address assignments from the debtor to the bankruptcy estate of post-petition causes of action. However, the Bankruptcy Code does address the duties of the Trustee. The Trustee as representative of the estate has the "capacity to sue and be sued." 11 U.S.C. § 323. Moreover, the Bankruptcy Code allows the Trustee to collect assets for the bankruptcy estate while the case is being administered. See 11 U.S.C. § 704; 11 U.S.C. § 541(a)(7); see also Wilson, 694 F.2d at 238 (11th Cir. 1982).

In this case, Debtor's case is still being administered. The Trustee, as the representative of the estate, has a duty to collect assets for the benefit of the bankruptcy estate. In collecting assets for the bankruptcy estate, the Trustee has the authority to contract with the Debtor to assign her chose in action to the Trustee for the benefit of her creditors. See Gallucci v. Grant (In re Gallucci), 931 F.2d 738, 743 (11th Cir. 1991)(holding that §

541(a)(7) allows the Trustee to contract on behalf of the estate).

Based on a plain reading of the statute and controlling precedent, I find that the valid assignment from the Debtor to the Trustee of a chose in action for wrongful foreclosure, that was acquired post-petition, is property of the estate pursuant to § 541(a)(7). Further, I find that the Trustee has standing to pursue the assigned chose in action because it is property of the estate.

### d. Colony's Claim

Defendant's argument that Colony's claim is unrelated to the bankruptcy is without merit. Based on the facts asserted by the Plaintiffs, Colony, as junior lien holder to Defendant's claim, would have been paid in full but for Defendant's alleged wrongdoing. Further, should the Trustee prevail, Colony would benefit, which would effect the administration of the Debtor's bankruptcy estate. Therefore, the claim is related.

## II. Failure to State a Claim and Reaffirmation Agreement[11]

The standard for determination of a F.R.C.P. 12(b)(6) motion is that "a complaint should not be dismissed for

---

[11] The Debtor's affidavit was not considered in the resolution of Defendant's F.R.C.P. 12(b)(6) motion.

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether a claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court may consider facts alleged in the complaint as well as official public records such as debtor's bankruptcy case file. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1196 (3rd Cir. 1993)(citations omitted); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)(citations omitted). For purposes of a motion to dismiss, the factual allegations in the complaint are taken as true and are construed favorably to the pleader. Id.; see also Solis-Ramirez v. United States Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). However, conclusions of law asserted in the complaint need not be accepted as true. The court makes its own determination of legal issues. Solis-Ramirez, 758 F.2d at 1429.

Plaintiffs' Complaint sets forth certain grounds for relief based upon the foreclosure sale conducted by Defendant. I find that the Complaint when construed most

favorably to the pleaders states a claim for which they could be entitled to relief under O.C.G.A. § 23-2-114 and does not reflect a reaffirmation of debts by the Debtor.

Reaffirmation, as set out by 11 U.S.C. § 524(c),

> contemplates a voluntary agreement between a *creditor and the debtor* whereby a debt which is otherwise dischargeable with respect to the personal liability of the debtor, is renegotiated or reaffirmed by both parties.

Taylor v. Age Fed. Credit Union (In re Taylor), 3 F.3d 1512, 1514 n.2 (11th Cir. 1993)(emphasis added).

In the present case, the Debtor's assignment is to the Trustee, not Colony, and cannot be characterized as a reaffirmation of a discharged debt. Therefore, the requirements of § 524 (c) do not apply. Pursuant to 11 U.S.C. § 524(f) the Debtor may voluntarily repay any debt.[12]

The assignment does not create personal liability on the part of the Debtor, and the Trustee is not a claim holder. See 11 U.S.C. § 323.[13] Should the Trustee not recover from Defendant, the Debtor will not be liable for any debts that were discharged in her bankruptcy case.

---

[12]  11 U.S.C. § 524 (f) provides "[n]othing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt."

[13]  11 U.S.C. § 323 (a) states "[t]he trustee in a case under this title is the representative of the estate."

Simply, § 524(c) has nothing to do with this adversary proceeding.

## Order

It is therefore **ORDERED** that 150 Beachview Holdings, LLC's motion to dismiss for lack of subject matter jurisdiction is **DENIED**;

it is further **ORDERED** that 150 Beachview Holdings, LLC's motion to dismiss for failure to state a claim is **DENIED**.

JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Dated at Brunswick, Georgia

this 23rd day of March, 2007.